PENACHIO MALARA, LLP
245 Main Street, Suite 450
White Plains, NY 10601
(914) 946-2889

Anne Penachio, Esq.

| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>----------------------------------X | HEARING DATE AND TIME:<br>JANUARY 23, 2019 at 10:00 AM |
|---|---|
| In re:<br><br>NORTH STATE ASSOCIATES,<br><br>Debtor.<br>----------------------------------X | CHAPTER 11<br><br>Case No.: 17-23846 (RDD) |

**DEBTOR'S REPLY TO THE OPOSITION OF MARY DEANGELIS TO ITS MOTION TO EXPUNGE CLAIM NUMBERED 2 AND 3 OR ESTIMATE SUCH CLAIMS AT 0**

1. In support of their opposition Mary Deangelis and the Estate of Peter DeAngelis (together, the "Claimants") rely primarily on NY Partnership Law § 73. It is submitted that reliance on such section is misplaced.

2. NY Partnership Law § 73 states as follows:

When any partner retires or dies, and the business is continued under any of the conditions set forth in section seventy-two, subdivisions one , two , three , five and six , or section sixty-nine , paragraph (b) of subdivision two , without any settlement of accounts as between him or his estate and the person or partnership continuing the business, unless otherwise agreed, he or his legal representative as against such persons or partnership may have the value of his interest at the date of dissolution ascertained, and shall receive as an ordinary creditor an amount equal to the value of his interest in the dissolved partnership with interest, or, at his option or at the option of his legal representative, in lieu of interest, the profits attributable to the use of his right in the property of the dissolved partnership; provided that the creditors of the dissolved partnership as against the separate creditors, or the representative of the retired or deceased partner, shall have priority on any claim arising under this section, as provided by section seventy-two, subdivision eight of this chapter.

3. Essentially, Section 73 permits a former partner to assert a claim equal to the value of his partnership interest <u>after</u> partnership debts are paid.

4. Section 73 should be read with Section 40 of NY Partnership Law which sets forth the rights of partners and provides, in pertinent part, as follows:

The rights and duties of the partners in relation to the partnership shall be determined, subject to any agreement between them, by the following rules:

(1)  Each partner shall be repaid his contributions, whether by way of capital or advances to the partnership property and share equally in the profits and surplus remaining after all liabilities, including those to partners, are satisfied; and except as provided in subdivision (b) of section twenty-six of this chapter, each partner must contribute toward the losses, whether of capital or otherwise, sustained by the partnership according to his share in the profits.

(2)  Except as provided in subdivision (b) of section twenty-six of this chapter, the partnership must indemnify every partner in respect of payments made and personal liabilities reasonably incurred by him in the ordinary and proper conduct of its business, or for the preservation of its business or property.

(3)  A partner, who in aid of the partnership makes any payment or advance beyond the amount of capital which he agreed to contribute, shall be paid interest from the date of the payment or advance.

******************************************************************

(6)  No partner is entitled to remuneration for acting in the partnership business, except that a surviving partner is entitled to reasonable compensation for his services in winding up the partnership affairs.

NY Partnership Law § 40.

5.  Here, it is undisputed that partner Robert Hale infused personal funds into the partnership to pay its mortgage, common charges and other obligations. A chart which sets forth funds he paid to North State which in turn used the funds to pay the mortgage and operating expenses is set forth hereto as Exhibit A.

6.  Manifestly, any amounts sought by the Claimants must be subordinated to the claims of Mr Hale under Section 40.

Dated:  January 22, 2019
        White Plains, New York

                                        **PENACHIO MALARA LLP**
                                        /s/Anne Penachio
                                        Anne Penachio, Esq.
                                        Counsel to the Debtor
                                        245 Main Street - Suite 450
                                        White Plains, NY 10601
                                        (914) 946-2889