SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

---

MARY DEANGELIS, on behalf of herself and derivatively on behalf of nominal defendants Haldean Sheet Metal Fabricators, Inc. d/b/a Haldean Inc., a/k/a and/or d/b/a North State Associates and North State Associates,

      Plaintiff,

    v.

FLORENCE DEANGELIS-HALE, ROBERT HALE, HALDEAN SHEET METAL FABRICATORS, INC. d/b/a HALDEAN INC., a/k/a and/or d/b/a NORTH STATE ASSOCIATES, NORTH STATE ASSOCIATES and ABC CORPORATION, a fictitious name representing an unknown corporation,

      Defendants.

Index No. :

**SUMMONS**

Plaintiff Designates Westchester County as the place of trial

Basis of *Venue* is:
<u>Venue is proper in this Court because defendants maintain executive offices in this County and have conducted business within this County</u>

**Defendants' Address:**

581 North State Road
Ossining, New York 10510

---

**TO THE ABOVE NAMED DEFENDANTS:** FLORENCE DEANGELIS-HALE, ROBERT HALE, HALDEAN SHEET METAL FABRICATORS, INC. d/b/a HALDEAN INC., a/k/a and/or d/b/a NORTH STATE ASSOCIATES, NORTH STATE ASSOCIATES,

**YOU ARE HEREBY SUMMONED** and required to serve upon plaintiff's attorney at the address stated below, an answer to the attached complaint within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons was not personally delivered to you within the State of New York; upon your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Nyack, New York
    September 8, 2015

            **THE LAW OFFICES OF
            ROBERT J. NAHOUM. P.C.**
            *Attorneys for Plaintiff*

            By: _____
            **ROBERT J. NAHOUM, ESQ.**
            48 Burd Street, Suite 300
            Nyack, NY 10960
            (845) 450-2906

TO:

    Florence DeAngelis-Hale
    581 North State Road
    Ossining, New York 10510

    Robert Hale
    581 North State Road
    Ossining, New York 10510

    North State Associates and Haldean Inc.
    581 North State Road
    Ossining, New York 10510

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

| | |
|---|---|
| MARY DEANGELIS, on behalf of herself and derivatively on behalf of nominal defendants Haldean Sheet Metal Fabricators, Inc. d/b/a Haldean Inc., a/k/a and/or d/b/a North State Associates ans North State Associates,<br><br>     Plaintiff,<br><br>    v.<br><br>FLORENCE DEANGELIS-HALE, ROBERT HALE, HALDEAN SHEET METAL FABRICATORS, INC. d/b/a HALDEAN INC., a/k/a and/or d/b/a NORTH STATE ASSOCIATES, NORTH STATE ASSOCIATES and ABC CORPORATION, a fictitious name representing an unknown corporation,<br><br>     Defendants. | Index No. : |

## **VERIFIED COMPLAINT**

Plaintiff, Mary DeAngelis, on behalf of herself and derivatively on behalf of nominal defendants Haldean Sheet Metal Fabricators, Inc. d/b/a Haldean Inc., a/k/a and/or d/b/a North State Associates, North State Associates ("DeAngelis" or "Plaintiff"), as and for her complaint against defendants Florence DeAngelis-Hale ("Florence Hale"), Robert Hale ("Robert Hale"), Haldean Sheet Metal Fabricators, Inc. d/b/a Haldean Inc., a/k/a and/or d/b/a North State Associates ("Haldean"), North State Associates (North State) and ABC Corp.[1], alleges as follows:

## **INTRODUCTION**

1. This action is brought by Plaintiff as a shareholder of Haldean and North State against members of their boards of directors (the "Boards") and certain of their executive officers

---

[1] Florence Hale, Robert Hale, Haldean, North State and ABC Corp. may hereinafter be collectively referred to as "Defendants".

3

seeking to remedy their breaches of fiduciary duties, and other violations of the law that occurred from at least September 11, 2009 through the present (the "Relevant Period").

2. DeAngelis is the surviving spouse of Haldean's former officer Peter DeAngelis ("Peter DeAngelis"), the sister-in-law of Florence Hale and Robert Hale[2] and should rightly have inherited Peter DeAngelis' interests in Haldean and North State[3].

3. Since Peter DeAngelis' death on September 11, 2009, Florence Hale and Robert Hale[4] have effectively locked Plaintiff out of the family business while running it into the ground. The Surviving Executives have prevented Plaintiff from participating in the operations and affairs of the family business.

## **PARTIES**

4. Plaintiff is a natural person residing in the Town of Somers, County of Westchester, State of New York.

5. Upon information and belief, the Surviving Executives are natural persons residing in Westchester County and doing business at 581 North State Road Ossining, New York 10510.

6. Upon information and belief, Haldean is or was a corporation organized under the laws of the State of New York with offices located at 581 North State Road Ossining, New York 10510.

7. Upon information and belief, North State is or was a business entity organized under the laws of the State of New York with offices located at 581 North State Road Ossining, New York 10510.

8. ABC Corp is a fictitious name representing the identity of unknown parties.

---

[2] Florence Hale and Robert Hale are a married couple.
[3] Haldean and North State may hereinafter be collectively referred to as the "Corporate Defendants".
[4] Florence Hale and Robert Hale may hereinafter be collectively referred to as the "Surviving Executives".

## FACTS

9. Upon information and belief, in or after June, 1977, Peter DeAngelis formed the Corporate Defendants with Robert Hale.

10. Upon information and belief, in or after June, 1977, Peter DeAngelis and Robert Hale acquired ownership of the property located at and otherwise known as 581 North State Road Ossining, New York 10510 (the "Property").

11. At all relevant times, the Corporate Defendants conducted and continue to conduct all of their business operations out of the Property.

12. On September 11, 2009, Peter DeAngelis passed away leaving all his assets to Plaintiff as his surviving spouse. Included in the assets inherited by Plaintiff were all of Peter DeAngelis' rights titles' and interest to the Corporate Defendants.

13. At all relevant times, the Surviving Executives were directors of the Corporate Defendants.

14. Since the death of Peter DeAngelis, the Surviving Executives have effectively locked Plaintiff out of the operations of the Corporate Defendants while, upon information and belief, pilfering their assets running the family business into the ground.

15. Upon information and belief, despite their obligation to do so, the Surviving Executives have failed to fund certain pension benefits resulting in a lawsuit currently pending in the United States District Court, Southern District of New York, captioned as *Sheet Metal Workers International Associal Local No. 38 Insurance and Welfare Fund et al v. Haldean Sheet Metal Fabricators, Inc. et al* and proceeding under docket number 15-cv-05979 (the "Union Litigation"). The Surviving Executives and Plaintiff have all been named individually as defendants in the Union Litigation.

16. By reason of their positions as officers and/or directors of the Corporate

Defendants, and because of their ability to control the business and corporate affairs of the Corporate Defendants, the Surviving Executives owed the Corporate Defendants and their shareholders, including Plaintiff, the fiduciary obligations of good faith, trust, loyalty, and due care, and were, and are, required to use their utmost ability to control and manage the Corporate Defendants in a fair, just, honest, and equitable manner. The Surviving Executives were, and are, required to act in furtherance of the best interests of the Corporate Defendants and their shareholders so as to benefit all shareholders equally and not in furtherance of their personal interests or benefit.

17. The Surviving Executives each owed the Corporate Defendants and their shareholders, including Plaintiff, the fiduciary duty to exercise good faith and diligence in the administration of the affairs of the Corporate Defendants and in the use and preservation of their property and assets, and the highest obligations of fair dealing.

18. The Surviving Executives, because of their positions of control and authority as directors and/or officers of the Corporate Defendants, were able to, and did, directly and/or indirectly, exercise control over the wrongful acts complained of herein.

19. At all times relevant hereto, each of the Surviving Executives was the agent of the other and of the Corporate Defendants, and was at all times acting within the course and scope of such agency.

20. To discharge their duties, the Surviving Executives were required to exercise reasonable and prudent supervision over the management, policies, practices and controls of the financial affairs of the Corporate Defendants. By virtue of such duties, the Surviving Executives were required to, among other things:

    (a) manage, conduct, supervise and direct the business affairs of the Corporate Defendants in accordance with all applicable laws;

(b) neither violate, nor knowingly permit any officer, director, or employee of the Corporate Defendants to violate, applicable laws, rules and regulations;

(c) establish and maintain systematic and accurate records and reports of the business and affairs of the Corporate Defendants and procedures for the reporting of the business and affairs to the Board and shareholders and to periodically investigate, or cause independent investigation to be made of said reports and records;

(d) neither engage in self-dealing, nor knowingly permit any officer, director or employee of the Corporate Defendants to engage in self-dealing;

(e) ensure that the Corporate Defendants complied with their legal obligations and requirements;

(f) conduct the affairs of the Corporate Defendants in an efficient, business-like manner so as to make it possible to provide the highest quality performance of their business, to avoid wasting the Corporate Defendants' assets, and to maximize the value of the Corporate Defendants' stock; and

(g) remain informed regarding how the Corporate Defendants conducted their operations, and, upon receipt of notice or information of imprudent or unsound conditions or practices, to make reasonable inquiry in connection therewith, and to take steps to correct such conditions or practices and make such disclosures as necessary to comply with applicable laws.

21. The conduct of the Surviving Executives alleged herein involves a violation of their obligations as directors and/or officers of the Corporate Defendants, the absence of good faith on their part, and a reckless disregard for their duties to the Corporate Defendants and their shareholders, that the Surviving Executives were aware, or should have been aware, posed a risk of serious injury to the Corporate Defendants.

22. The Surviving Executives breached their duties of loyalty and good faith, upon information and belief, by, *inter alia*, locking Plaintiff out of the affairs and operations of the Corporate Defendants, pilfering the assets of the Corporate Defendants, failing to operate the Corporate Defendants in a fiscally sound manner and failing to properly maintain and fund the employee and pension obligations of the Corporate Defendants.

23. In committing the wrongful acts alleged herein, the Surviving Executives have,

upon information and belief, pursued, or joined in the pursuit of, a common course of conduct, and have acted in concert with, and conspired with, one another in furtherance of their common plan or design. In addition to the wrongful conduct herein alleged as giving rise to primary liability, the Surviving Executives further aided and abetted and/or assisted each other in breach of their respective duties.

24. During all times relevant hereto, the Surviving Executives, upon information and belief, collectively and individually initiated a course of conduct that was designed to and did:

(a) Lock Plaintiff out of the affairs and operations of the Corporate Defendants;
(b) Pilfer the assets of the Corporate Defendants;
(c) Fail to operate the Corporate Defendants in a fiscally sound manner;
(d) Fail to properly maintain and fund the employee and pension obligations of the Corporate Defendants as alleged in the Union Litigation;
(e) Maintain the Surviving Executives' directorial positions at the Corporate Defendants and the profits, power, and prestige that the Surviving Executives enjoyed as a result of these positions; and
(f) Deceive the shareholders of the Corporate Defendants, regarding the Surviving Executives' management of the Corporate Defendants' operations, financial health and stability, and future business prospects.

25. In furtherance of this plan, conspiracy, and course of conduct, the Surviving Executives collectively and individually took the actions set forth herein.

26. Upon information and belief, the purpose and effect of the Surviving Executives' conspiracy, common enterprise, and/or common course of conduct was, among other things: (1) to disguise the Surviving Executives' breaches of fiduciary duty, abuse of control, gross mismanagement and waste of corporate assets; and (2) to conceal adverse information concerning the Corporate Defendants' operations, financial condition and future business prospects.

27. Upon information and belief, the Surviving Executives accomplished their conspiracy, common enterprise and/or common course of conduct by causing the Corporate Defendants to purposefully, recklessly or negligently lock Plaintiff out of the affairs and operations of the Corporate Defendants and mismanage their financial affairs. Because the actions described herein occurred under the authority of the Board, each of the Surviving Executives was a direct, necessary and substantial participant in the conspiracy, common enterprise, and/or common course of conduct alleged herein.

28. Upon information and belief, each of the Surviving Executives aided and abetted and rendered substantial assistance in the wrongs alleged herein. In taking such actions to substantially assist the commission of the wrongdoing alleged herein, each Surviving Executive, upon information and belief, acted with knowledge of the primary wrongdoing, substantially assisted the accomplishment of that wrongdoing, and was aware of his or her overall contribution to, and furtherance of, the wrongdoing.

**FIRST CAUSE OF ACTION**
(Against the Surviving Executives - Breach of Fiduciary Duty)

29. Plaintiff repeats, reiterates, and realleges each of the foregoing allegations of this Complaint as if more fully set forth herein.

30. It is, and at all times hereinafter mentioned was, the fiduciary duty of the Surviving Executives, in their capacity as executive officers of the Corporate Defendants, to administer diligently and carefully the affairs of the Corporate Defendants, to safeguard the property and assets of the Corporate Defendants, to refrain from self-dealing, to make and publish true and accurate accounts and statements of the affairs of the Corporate Defendants from time to time, and to perform faithfully and diligently all the duties devolving upon them as executive officers of the Corporate Defendants.

31. In their capacity as executive officers of the Corporate Defendants, the Surviving Executives owed strict fiduciary duties to, among others, Plaintiff. The Surviving Executives were required to act at all times honestly and in good faith with a view to the best interests of the Corporate Defendants and to exercise the care, diligence and skill that a reasonably prudent person would exercise in comparable circumstances.

32. The Surviving Executives were or should reasonably have been well aware of the duties that they owed to Plaintiff and other constituents.

33. Upon information and belief, based on the allegations set forth hereinabove, the Surviving Executives have breached and will imminently breach their fiduciary duties by engaging in self dealing and have otherwise failed to exercise due care, skill and diligence in conducting the affairs of the Corporate Defendants.

34. By virtue of the foregoing, the Surviving Executives have violated, among other things, New York Business Corporations Law ("BCL") §717.

35. As a direct and proximate result of the Surviving Executives' breach of their fiduciary duty, Plaintiff has been damaged in an amount to be determined at trial.

36. Because of the willful, wanton, and intentional nature of the Surviving Executives' conduct, and their abuse of their positions of trust, they are also liable for punitive damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
(Accounting)

37. Plaintiff repeats, reiterates, and realleges each of the foregoing allegations of this Complaint as if more fully set forth herein.

38. Plaintiff, through her attorneys, has sought to obtain the complete and accurate financial records of the Corporate Defendants. These records are under the complete dominion

and control of the Surviving Executives, their agents and/or representatives.

39. To date, the Surviving Executives have wrongfully and without just cause failed or refused to provide Plaintiff and her attorneys access to the complete financial records of the Corporate Defendants necessary for Plaintiff to place an accurate financial value on her interests in the Corporate Defendants.

40. Plaintiff has no adequate remedy at law.

41. By virtue of the foregoing, Plaintiff is entitled to judgment compelling the Surviving Executives to provide her with timely, unfettered and complete access to all the financial records of the Corporate Defendants from the beginning of time to the present, and that the Surviving Executives provide or cause to be provided to Plaintiff, a full and complete, itemized corporate financial accounting for all moneys received and retained by the Corporate Defendants and or the Surviving Executives and for all moneys removed from the Corporate Defendants.

**THIRD CAUSE OF ACTION**
(Against the Surviving Executives – Gross Mismanagement)

42. Plaintiff repeats, reiterates, and realleges each of the foregoing allegations of this Complaint as if more fully set forth herein.

43. The Surviving Executives had a duty to the Corporate Defendants and their shareholders to prudently supervise, manage, and control the operations, business, and finances of the Corporate Defendants. The Surviving Executives, however, by their actions, and by engaging in the wrongdoing alleged herein, abandoned and abdicated their responsibilities and duties with regard to prudently managing the business of the Corporate Defendants in a manner consistent with the duties imposed upon them by law. By committing the misconduct alleged herein, the Surviving Executives breached their duties of due care, diligence, and candor in the

management and administration of the Corporate Defendants' affairs and in the use and preservation of the Corporate Defendants' assets.

44. During the course of the discharge of their duties, the Surviving Executives were, upon information and belief, aware of the unreasonable risks and losses associated with their misconduct. Nevertheless, upon information and belief, the Surviving Executives caused the Corporate Defendants to engage in the scheme described herein which they knew had an unreasonable risk of damage to the Corporate Defendants, thus breaching their duties to the Corporate Defendants and their shareholders. As a result, the Surviving Executives grossly mismanaged the Corporate Defendants, thereby causing damage to the Corporate Defendants and to Plaintiff.

**FOURTH CAUSE OF ACTION**
(Against The Surviving Executives - Contribution and Indemnification)

45. Plaintiff repeats, reiterates and realleges each of the foregoing allegations of this Complaint as if more fully set forth herein.

46. Among others, Plaintiff and the Corporate Defendants are alleged to be liable to various persons, entities and/or classes as alleged in the Union Litigation.

47. Plaintiff and the Corporate Defendants' alleged liability on account of the wrongful acts, practices, and related misconduct alleged arises, in whole or in part, from the knowing, reckless, disloyal and/or bad faith acts or omissions of the Surviving Executives. Plaintiff and the Corporate Defendants are entitled to contribution and indemnification from each Surviving Executive in connection with all such claims that have been, are, or may in the future be asserted against Plaintiff or the Corporate Defendants by virtue of the Surviving Executives' misconduct.

## FIFTH CAUSE OF ACTION
(Against The Surviving Executives - Abuse of Control)

48. Plaintiff repeats, reiterates and realleges each of the foregoing allegations of this Complaint as if more fully set forth herein.

49. The Surviving Executives' conduct, as alleged herein, constitute an abuse of their control over the Corporate Defendants.

50. As a direct and proximate result of the Surviving Executives' abuse of control, Plaintiff and the Corporate Defendants have suffered, and will continue to suffer, damages for which the Surviving Executives are liable. Plaintiff, moreover, has no adequate remedy at law.

## SIXTH CAUSE OF ACTION
(Against The Individual Defendants - Waste of Corporate Assets)

51. Plaintiff repeats, reiterates and realleges each of the foregoing allegations of this Complaint as if more fully set forth herein.

52. The Surviving Executives' conduct, as alleged herein, constitute a waste of the corporate assets of the Corporate Defendants.

53. As a direct and proximate result of the Surviving Executives' abuse of control, the Corporate Defendants have suffered, and will continue to suffer, damages for which the Surviving Executives are liable. Plaintiff, moreover, has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment in her favor and grant the following relief:

(a) **On the First Cause of Action:**
Awarding a money judgment in favor of Plaintiff and against the Surviving Executives in an amount to be proven at trial together with punitive damages;

(b) **On the Second Cause of Action:**

An order compelling Defendants to provide Plaintiff with timely, unfettered and complete access to all the financial records of the Corporate Defendants from the beginning of time to the present, as well as complete, itemized corporate financial accounting for all moneys received and retained by the Corporate Defendants and or the Surviving Executives and for all moneys removed from the Corporate Defendants;

**(c)** **On the Third Cause of Action:**
Awarding a money judgment in favor of Plaintiff and against the Surviving Executives in an amount to be proven at trial together with punitive damages;

**(d)** **On the Fourth Cause of Action:**
Awarding a money judgment in favor of Plaintiff and against the Surviving Executives in an amount to be proven at trial together with punitive damages;

**(e)** **On the Fifth Cause of Action:**
Awarding a money judgment in favor of Plaintiff and against the Surviving Executives in an amount to be proven at trial together with punitive damages;

**(f)** **On the Sixth Cause of Action:**
Awarding a money judgment in favor of Plaintiff and against the Surviving Executives in an amount to be proven at trial together with punitive damages;

**(g)** **Any additional and further relief as may be deemed just and appropriate.**

Dated: Nyack, New York
September 8, 2015

          **THE LAW OFFICES OF**
          **ROBERT J. NAHOUM, P.C.**
          *Attorneys for Plaintiff Mary Deangelis*

By: _____
      **ROBERT J. NAHOUM, ESQ.**
48 Burd Street, Suite 300
Nyack, NY 10960
(845) 450-2906

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** WESTCHESTER
-----------------------------------------------------------------x
MARY DEANGELIS, on behalf of herself and derivatively on behalf of nominal defendants Haldean Sheet Metal Fabricators, Inc. d/b/a Haldean Inc., a/k/a and/or d/b/a North State Associates and North State Associates

                              Plaintiff/Petitioner,

       - against -                                  Index No. _____

FLORENCE DEANGELIS-HALE, ROBERT HALE, HALDEAN SHEET METAL FABRICATORS, INC. d/b/a HALDEAN INC., a/k/a and/or d/b/a NORTH STATE ASSOCIATES, NORTH STATE ASSOCIATES and ABC CORPORATION, a fictitious name representing an unknown corporation

                              Defendant/Respondent.
-----------------------------------------------------------------x

# NOTICE OF COMMENCEMENT OF ACTION
# SUBJECT TO MANDATORY ELECTRONIC FILING

     PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

     The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

     Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@courts.state.ny.us.

Dated: 09/09/2015

_[Signature]_ (Signature)        48 Burd Street, Suite 300 (Address)
Robert J. Nahoum (Name)        Nyack, NY 10960

THE LAW OFFICES OF ROBERT J. NAHOUM. P.C. (Firm Name)     (845) 450-2906 (Phone)

rjn@nahoumlaw.com (E-Mail)

To:  Florence DeAngelis-Hale     Robert Hale     North State Associates and Haldean Inc.
581 North State Road               581 North State Road    581 North State Road
Ossining, New York 10510       Ossining, New York 10510    Ossining, New York 10510

4/8/11